## BOQUT *vs.* COBURN.

One having the equity of redemption of a portion of mortgaged premises has the right to redeem the entire premises after they have been sold, on a foreclosure, and the purchaser has entered into possession, &c.

In July, 1835, C. sold and conveyed a lot of land to S., taking back a mortgage for a part of the purchase money. In October, 1835, S. and wife conveyed an equal undivided half of the premises to N., and 3-20ths thereof to L. In March, 1838, S. and wife conveyed 7-20ths to N. Soon after this N. acquired the interest of L. in the premises. B. became the grantee of certain parcels of the land, by deed dated July 26, 1850. S. became the grantee of other parcels, by deed dated March 13, 1838. Other persons also acquired interests in portions of the land. C. foreclosed the mortgage he had taken from S. by a suit in equity, to which S. and wife, and one other person, were the only parties defendants. Under a decree in that suit the entire mortgaged premises were purchased by C. in August, 1843, and he obtained the master's deed and entered into possession and made valuable improvements. In an action brought by B. to redeem, *it was held* that he was entitled to redeem the en-

Boqut *v.* Coburn.

tire mortgaged premises, upon paying to C. the balance due to the latter on the S. mortgage, with costs, C. being charged with the rents and profits, less the amount allowed for repairs, taxes, &c. The judgment required B. to pay the costs, and gave to C. if he should so elect, the right to retain that portion of the premises the title to which was in S. at the time the mortgage was foreclosed, upon his releasing and discharging the residue of the land from the mortgage, and delivering the possession thereof to the respective owners, and paying the costs of the action.

THIS action is for leave to redeem mortgaged premises. The facts out of which the questions made upon the appeal arose were these. The defendant, Enoch Coburn, by a deed bearing date July 16, 1835, conveyed by metes and bounds 10½ acres of land, situate in the village of Dunkirk, to Walter Smith, for the consideration of $10,175. Smith, to secure the payment of $5175, a portion of the consideration, executed to Coburn his bond, with a mortgage upon the premises. In October, 1835, Smith and wife conveyed an equal undivided half of the premises to Russell H. Nevins, and in the same month they conveyed 3-20ths of the premises to Eleazer Lord; and in March, 1838, they conveyed 7-20ths to Russell H. Nevins. Soon after this, Nevins acquired by grant the title of the 3-20ths which Smith and wife had granted to Eleazer Lord. The land having been laid out into blocks and lots, was conveyed, in different parcels, in severalty, to different individuals, and the plaintiff Boqut became the grantee of certain parcels of the land by deed dated July 26, 1850. Walter Smith became the grantee of certain parcels, by deed dated March 13, 1838. Others from time to time acquired interests in portions of the land, including the New York and Erie Rail Road Company, and the Buffalo and State Line Rail Road Company. They were all made parties defendants, but it is not necessary to refer more particularly to their titles or interests.

Coburn foreclosed the mortgage he had taken from Smith, by a suit in equity. He made Smith and wife and one Cassity parties defendants, and they were the only parties. In August, 1843, the entire mortgaged premises were purchased by Coburn under the decree obtained in the foreclosure suit, and

he obtained the master's deed, and entered into possession of the premises. He has made valuable improvements, and some questions are made, touching the allowances made to him by the referee. Some of the other defendants answered, and others did not. Coburn alone appealed. The report of the referee was full upon the finding of facts, and accounts were fully stated, as to the rights and interests of all the parties. The referee decided that the plaintiff was entitled to redeem the entire mortgaged premises upon paying to Coburn the balance of the amount which he found to be due Coburn upon the Smith bond and mortgage, with costs, after charging Coburn with the rents and profits, less the amount allowed for repairs, taxes, &c. The plaintiff was required to pay costs. This decision was conditional. The judgment gave Coburn the right, if he so elected within twenty days, to retain that portion of the premises the title to which was in Smith the mortgagor, at the time the mortgage was foreclosed, upon his releasing and discharging the residue of the land from the mortgage, and delivering the possession thereof to the respective owners and paying the costs of this action.

*C. Tucker*, for the plaintiff.

*S. G. Haven*, for the defendant.

*By the Court*, MARVIN, J. At the time the bill was filed by Coburn, in December, 1839, Walter Smith, the mortgagor, was seised in fee of the equity of redemption of certain portions, in severalty, of the mortgaged premises, and these premises were primarily liable for the satisfaction of the mortgage debt. To these premises Coburn acquired, by the master's deed, an absolute title, unless those who had become or subsequently became grantees of other portions of the mortgaged premises have the right to redeem. It is claimed by the appellant's counsel that the plaintiff has the right to redeem only that portion of the mortgaged premises which had been grant-

Boqut *v.* Coburn.

ed to him. No authority in support of this claim is cited. Should this principle be adopted, it would be necessary to apportion the amount of the mortgage upon the different parcels of land, the equity of redemption to which was in different individuals, and thus ascertain what portions of the mortgage debt each parcel should bear, and each equity of redemption owner would have his action; or if they should all be made parties in one action they could not be compelled to redeem their separate parcels. I apprehend that great difficulties would arise in an attempt, in this case, to carry out the principle suggested by the counsel.

It is well settled that one who has acquired the equity of redemption to *a part* of the mortgaged premises has no right to redeem for that part only. On the contrary, if he comes to redeem, he must redeem the entire mortgaged premises. (*Palk v. Ld. Clinton,* 12 *Ves.* 48. 4 *Kent's Com.* 163. 2 *Hoff. Ch. Pr.* 157.)

The mortgagee may insist upon a full redemption, and the rule is undoubtedly mainly for his benefit. Suppose, however, that the mortgagor has granted a portion of the mortgaged premises, and still retains the remainder, and the mortgagee forecloses the mortgagor's equity of redemption without making his grantee of a portion of the premises a party, and purchases the entire premises; may he, when the grantee of a portion of the premises comes to redeem, say that he will retain that portion which had not been aliened by the mortgagor, and permit the party seeking to redeem, to redeem the part granted to him, and for the purpose of ascertaining the amount to be paid resort to an apportionment? I think cases may be supposed when this would be highly equitable. Perhaps it would be necessary to go into an account of the rents and profits, when the mortgagee had gone into possession, and then ascertain the value of the premises not aliened by the mortgagor, by a sale or otherwise, excluding permanent and valuable improvements made by the mortgagee after he had gone into possession.

Suppose a mortgage upon 100 acres of land ; the mortgagor conveys ten acres to B. ; the mortgagee institutes an action against the mortgagor to foreclose the mortgage, and obtains judgment, and the entire mortgaged premises are sold and conveyed to the mortgagee, who enters, and upon the 90 acres erects expensive buildings, or a village or city : can B., not having been made a party, come in and claim the right to redeem the entire 100 acres ?   The mortgagee in possession would not be allowed, in taking the account, the cost of erecting his expensive buildings, &c.   The question I suggest is whether the owner of the equity of redemption of a portion, however small, has a *right*—and that too many years after the mortgage sale—to come in and redeem the entire premises and have the account taken upon the principles applicable to a mortgagee in possession ?   The account may show the entire mortgage paid.   I can see clearly the equity of B. in his ten acres, but I confess I do not clearly see what equity he has in. the 90 acres ; or what use may have been made of it after the mortgagee had gone into possession under his mortgage foreclosure.   It may be said that B. had an equity that the 90 acres should have been first separately sold, so that in case it should produce a sufficient amount to satisfy the mortgage, his ten acres would be discharged ; and to protect his equities he had a right to be made a party, and not having been made a party, his rights are not affected.   All this is undoubtedly so, but does it follow as a consequence of the omission to make B. a party &c. that he can come in, and by calling upon the mortgagee to account for the rents and profits of the 90 acres, perhaps succeed in obtaining title to the whole 100 acres without paying a cent, B. may have remained all the time in undisturbed possession of his ten acres.

In *Powell on Mortgages*, at page 351, it is said, " A jointress may redeem ; and although the jointure be secured only on part of the estate, she may redeem the whole."   The reference is to *Howard* v. *Harris* and some other cases, not in my library.   At page 150 the case of *Howard* v. *Harris* is

briefly stated. It involved some other questions. The mortgage contained a special clause of redemption; that if the mortgagor, or *the heirs of his body*, should, by a day named, pay the principal sum, then he, *or the heirs male of his body*, should be permitted to redeem. And the mortgage contained a covenant to pay the money on the day named. The mortgagor died without issue. His wife was the jointress of a part of the mortgaged premises, "and so entitled to redeem the whole," is the language used; and it was decreed "that the mortgage should be redeemed, *notwithstanding the mortgagor's death without issue;* the rather because the defendant had a covenant for repayment of his mortgage money." It is quite clear that the great question litigated was whether the complainant, as a jointress, could redeem at all, as the clause relating to redemption was specially limited to the mortgagor and the heirs male of his body. It does not appear that the *question* of the *right* to redeem the *entire mortgaged premises* was made or considered; and on consulting the case, as abridged in Viner, it is clear to my mind that no such question was made. The question was whether there was any right to redeem, and the maxim "once a mortgage always a mortgage," is referred to.

*Palk* v. *Lord Clinton*, (12 *Ves.* 48,) was a bill to redeem a prior mortgage which included lands not included in the second mortgage, and the second mortgage was under a different title. What the chancellor said (*see p. 58 et seq.*) was upon a question of parties, and he held that a mortgagee coming to redeem a prior mortgage, must make the mortgagor, or the heir, a party, and also prior mortgagees; and the chancellor stated, what all agree in, that a subsequent mortgagee must redeem the entire mortgage. There is nothing in the case to show that one having the equity of redemption of a portion of the mortgaged premises has the *absolute right* to redeem the entire premises, after they have been sold on a foreclosure and the purchaser has entered into possession, &c.

That the mortgagee is entitled to *insist* that the whole of the

mortgaged premises shall be redeemed, is well settled. (2 *Hoff.
Ch. Pr.* 157.)   But I find no authority declaring the *right* to
redeem the entire premises, under the circumstances supposed.

It is not necessary to pursue this question.   The learned
referee has permitted Coburn to retain that portion of the
mortgaged premises, the title of which remained in Smith, the
mortgagor, upon his delivering the possession of the residue
to the respective owners, and releasing and discharging the
same from his mortgage and paying costs.   What more can
Coburn ask ?   It seems to me that this saves all his equities.
He has an election, and if he so elects, then the plaintiff must
redeem all the premises.   If he prefers to retain the portion
of which Smith was seised, it will be evidence that it was and
is sufficient to satisfy the mortgage ; and if so, he cannot, as
against the grantees of different portions of the premises, who
were not parties to the foreclosure suit, claim to hold their
portions.   If the premises which he is permitted to retain
would have been insufficient, at the time of sale, to produce the
amount owing upon the bond and mortgage, or would be in-
sufficient now, it is to be observed that he has had the rents
and profits of the remaining lands for many years, and , they
are to be taken into the account.   It comes to this : assuming
that the accounting is right, Coburn has his election to retain
the Smith land and pay costs, and then the whole account
will be settled.   If these lands are worth more than the bal-
ance found in his favor, he will retain the lands ; if less, then
he may take the balance due to him, and the plaintiff will
redeem all and take all.   Why is not this strictly equitable ?

But another question is made by Coburn.   In taking the
account, the referee has disallowed certain charges made by
Coburn for permanent improvements, some $700, made before
the commencement of the action, and $2000 since its com-
mencement.   I have come to the conclusion that the judg-
ment ought not to be reversed for the disallowance of these
items.   The referee has been governed by the principles ap-
plicable to accounting between the mortgagor and a mortgagee

Boqut *v.* Coburn.

in possession. But the question is now put in this form: suppose that these permanent improvements were placed upon the premises which Coburn is permitted to retain—the Smith lands—then it is argued that injustice may be done to Coburn—that he may be compelled to elect to retain these lands in order to save the $2700 expended by him; whereas, without the expenditure of this money the land would not be worth the amount now due him; and it is argued that the plaintiff had no absolute right to redeem this land, and that the referee has so decided, in giving to Coburn the right to retain it. It may be a sufficient answer to these positions, to say that it does not appear, from the case, upon what portion of the premises these improvements were made, and the appellant should show errors. If the improvements are upon the parcels of land conveyed by Smith to others, Coburn will of course lose them. If upon his land, then he retains them, in case he elects to keep the land. If they had not been made, the judgment would have been as it now is, and then he could retain the land or not, as he should elect. The referee probably was of the opinion that it was not material upon what portion of the mortgaged premises those improvements were made. That in making them, Coburn acted at his peril, under the situation of the entire mortgaged premises and the relation of the parties to it, and I am not prepared to say that such opinion is erroneous.

I think the judgment should be affirmed, with costs.

[GENESEE GENERAL TERM, May 17, 1858. *Grover, Marvin* and *Davis,* Justices.]