## NOTE.

At the same time with the preceding case was heard another from the same Circuit Court, and similar to it in all respects, with, however, one additional feature.   It was the case of

## COLLINS *v.* RIGGS.

To redeem property which has been sold under a mortgage (as is alleged irregularly) it is not sufficient to tender the amount of the sale.   The whole mortgage-money must be tendered, or, if suit be brought, be paid into court.

IN this case, Riggs had brought ejectment in the court below against Collins to recover a lot, one of the several ones mentioned in the preceding case as having been mortgaged by Rus-

sell to the United States, and bought by Corcoran from the United States after the foreclosure by the government of their mortgage and the purchase in by them of all the several lots included in it. Riggs was the grantee of Corcoran.

The lot in controversy in this case, like that in controversy in the preceding case, had been conveyed previously to the mortgage, by a deed not put on record, to Breese.

On the trial, the defendant made the same objections to Riggs's title, that in the preceding case he had made to Morris's; to wit, that Breese, as grantee of Russell, of the lot, prior to the date of the mortgage to the United States, and so owner of the equity of redemption, had not been brought into the foreclosure suit; and assuming this to be true the defendant inferred and assumed that the mortgage was still, therefore, in existence. He then offered to prove that during the pendency of the present suit in ejectment he had tendered to Riggs the amount for which this *particular lot now in controversy had been struck off* at the marshal's sale, together with the taxes, interest, and costs; informing the plaintiff at the time of this tender that he, the defendant, was willing to treat him, the plaintiff, as the equitable assignee of *so much* of the mortgage as had been paid at the sale for the land in controversy, and that he wished to redeem the said land, and that he, the defendant, made the tender for that purpose; which tender the plaintiff declined to receive; the defendant offering to prove, further, that the said sum of money was then paid into court as a tender to redeem the land in controversy from the mortgage.

The court below decided, simply, that the evidence as presented was not competent or sufficient to constitute a defence to the action, but upon what ground this decision was made did not appear.

*Mr. B. C. Cook, for the plaintiff in error* (iterating and enforcing, as to the other parts of the case, the arguments of Mr. Fuller, already presented in the report of the preceding case) argued upon this new point that Breese not having been brought in, and the mortgage being so still in existence, Corcoran was but an assignee of part of *it*, and Riggs *his* assignee, nothing more; that the defendant could, therefore, properly tender payment of it; that the only question was as to amount; that as to this, Riggs's right in the mortgage was to secure only such a pro

portion of the whole as the value of this tract represented, which value or amount was shown by the marshal's sale; that this sum, with costs, taxes, and interest, had been tendered and was now in court.

*Messrs. Carlisle and McPherson (a brief of Mr. Thomas Dent being filed on the same side) argued contra,* that the defendant, by his tender, substantially confessed that he could not resist the mortgage, but that his willingness to liquidate it *pro tanto,* by showing a tender of a sum of money to the plaintiff some time after the commencement of the suit, was no valid tender, that the amount was insufficient, and that the whole mortgage-money should be tendered. Independently of this, that such an attempt to avoid an action of ejectment was unheard of; that after condition broken, the mortgagor's rights were purely equitable, and that he could obtain relief only in chancery.

Mr. Justice BRADLEY delivered the opinion of the court.

It is clear that the criterion by which the amount tendered was gauged was incorrect. To redeem property which has been sold under a mortgage for less than the mortgage debt, it is not sufficient to tender the amount of the sale. The whole mortgage debt must be tendered or paid into court. The party offering to redeem proceeds upon the hypothesis that, as to him, the mortgage has never been foreclosed and is still in existence. Therefore he can only lift it by paying it. The money will be subject to distribution between the mortgagee and the purchaser, in equitable proportions, so as to reimburse the latter his purchase-money and pay the former the balance of his debt.

JUDGMENT AFFIRMED.