## McCormick *v.* Knox.

A., whose debt was secured by deed of trust on lands, purchased them when, in default of payment, they were offered at a public sale by the trustee, and on taking a deed therefor entered into possession thereof. He subsequently paid off a prior lien. On a bill filed by a junior incumbrancer, the court granted the latter the right to redeem on his paying to A. the debt and the money expended in discharging the older incumbrance, with interest, and also the amount paid for taxes, repairs, and insurance, less the rents and profits while A. was in possession. *Held*, that the decree is correct.

Appeal from the Supreme Court of the District of Columbia.

The pleadings and evidence in this case disclose the following state of facts: —

Prior to Oct. 3, 1871, R. W. Bruff was the owner in fee of certain real estate in the city of Washington. On the day just mentioned he executed to Albert J. Meyer his promissory note of that date for $5,000, payable in five years, and secured it by a deed of trust on the property, with power of sale, to one Wimer as trustee. On June 29, 1872, Bruff conveyed the property to Mary J. Wheeler, who on July 1, 1872, for his

accommodation, made her note of that date, payable one year thereafter to his order, for $2,000, and to secure it executed a deed of trust on the same property to William H. Ward as trustee, with power of sale in case of default in the payment of the note.

On July 13, 1872, Bruff, for himself and his partner, one Holtzclaw, executed to the Freedman's Savings and Trust Company a note for $3,000, and as collateral security therefor deposited with the company forty shares in the Capitol Hill Building Association, and the above-mentioned note of Wheeler, secured as aforesaid. Payments were made upon the note of Holtzclaw & Bruff, so that on April 9, 1873, there appeared to be due thereon the sum of $1,045.

On June 3, 1873, Wheeler conveyed the property to Michael McCormick, by deed of that date, which, though absolute on its face, it is clear from the evidence was merely given as security for a pre-existing debt.

The Freedman's Savings and Trust Company having become insolvent, three commissioners were appointed under an act of Congress to take possession of and administer its assets. They entered on their duties about July 12, 1874. Default having been made in the payment of the balance due on the note of Holtzclaw & Bruff, and also in the payment of the note made by Wheeler, the commissioners directed Ward, the trustee, to proceed to execute the trusts imposed on him by Wheeler's deed of July 1, 1872. He accordingly advertised the property. It was sold at public auction on March 17, 1876, and bid in by the commissioners, to whom Ward, the trustee, made a deed of conveyance.

The note for $5,000, which was held by Meyer, having become due, he insisted that it should be paid, and threatened. if it were not paid, to cause the property to be again advertised and sold under the trust deed to Wimer. The commissioners thereupon paid him the amount due on the note, namely, $6,128, and received from the trustee, Wimer, a deed of release to the property.

After the conveyance of the property by Ward to the commissioners, they took possession of it, and received its rents until March 17, 1879.

On March 15, 1879, McCormick filed the bill in this case against the commissioners. He founds his title to relief upon the deed made to him by Wheeler on June 3, 1873. The prayer of his bill is, that, on account of certain alleged informalities, the sale made by Ward, trustee, to the commissioners, be declared void and his deed cancelled, that an account be taken of the balance due on the note secured by the trust deed to Ward, and that the rents received by the commissioners while in possession of the property be set off against such balance, and for general relief.

The commissioners filed an answer and a cross-bill. In the latter they pray that the sale made to them by Ward, the trustee, be ratified and confirmed, and their title to the property declared to be good and valid.

McCormick answered the cross-bill, in which he denies the right of Ward, the trustee, to sell the property, the regularity of the sale, &c.

There are other pleadings in the case which are not necessary to be stated.

By virtue of an act of Congress approved Feb. 21, 1881, the court made an order substituting Knox, the present appellee, for the three original commissioners. Upon final hearing on the pleadings and evidence, the court, in special term, made a decree to the effect that McCormick or Wheeler might redeem the property by paying the balance due on the note for $3,000 made by Holtzclaw & Bruff to the Freedman's Savings and Trust Company, and also the amount paid by the commissioners on the note held by Meyer, and the sums paid by them for taxes, insurance, and repairs upon the property in question, after deducting the rents collected by them; but in case said sums were not paid within thirty days after confirmation of the auditor's report ascertaining the same, the sale and deed by Ward, the trustee, to the commissioners, should stand ratified and confirmed. McCormick appealed from this decree to the court in general term, by which it was affirmed, and he has brought the case to this court by appeal from the latter decree.

*Mr. John J. Weed* and *Mr. William A. Meloy* for the appellant.

*Mr. Enoch Totten* for the appellee.

Mr. Justice Woods, after stating the case, delivered the opinion of the court.

The counsel for appellant has submitted an argument to show that the sale and deed made by Ward, the trustee, to the commissioners of the Freedman's Savings and Trust Company were void. Without discussion of this question, we simply declare our opinion to be, that there is no solid ground for this contention to rest upon. But whether the sale is valid or not is an immaterial question in this case, for the decree of the court below permitted the complainant to redeem the property, and so avoid entirely the effect of the sale and deed, by the payment of the balance due on the promissory note for $3,000 made by Holtzclaw & Bruff to the Freedman's Savings and Trust Company, and the amount due on the note for $5,000 made by Bruff to Meyer, and the taxes, &c., paid by the commissioners of the Freedman's Savings and Trust Company, after deducting the rents received by them. The decree of the court below substantially gives the appellant all the relief prayed for by his bill, on condition, however, that he should pay off the incumbrances on the property in question, older and better than his own.

The only practical question, therefore, is, Are the terms upon which the appellant and his grantor, Mrs. Wheeler, were allowed to redeem, just and right? Upon this point, it seems to us, there can be no doubt. The amount due on the note of Holtzclaw & Bruff, it is conceded, is less than the sum due on the note of Mrs. Wheeler, which it was pledged to secure. Neither she nor her grantee, the appellant, can complain if they are required to pay the balance, whatever it may be, due on the Holtzclaw & Bruff note before they can be allowed to redeem. It is equally clear that they ought to be required to pay the sum applied by the commissioners to discharge the amount due on the note held by Meyer, which was secured by a trust deed on the premises in controversy, and was the first lien thereon.

The contention of complainant that he should receive a clear title to the property, without first discharging the lien thereon created by the trust deed of Mrs. Wheeler, and without first paying the sums which had been applied by the commissioners·

.to the discharge of the lien held by Meyer, both of which were prior in date to his own, is not founded on any equity, and is not supported by any authority. On the contrary, it is clear that the commissioners, having paid off the oldest incumbrance on the property, are entitled to be subrogated to the rights of the incumbrancer. *Robinson* v. *Ryan*, 25 N. Y. 320; *Redmond* v. *Burroughs*, 63 N. C. 242.

A mortgagee who has paid a prior mortgage or other incumbrance upon the land is entitled to be repaid the sum so advanced when the mortgagor or his vendee comes to redeem. *Page* v. *Foster*, 7 N. H. 392; *Arnold* v. *Foote*, 7 B. Mon. (Ky.) 66; *Harper* v. *Ely*, 70 Ill. 581.

The same rule applies to the payment by the mortgagee of taxes on the mortgaged premises, or any valid assessment thereon for public improvement. *Dale* v. *McEvers*, 2 Cow. (N. Y.), 118.

The decree of the court below gave the complainant every right which the law accorded him. It must, therefore, be

*Affirmed.*