[Filed June 21, 1892.]

## B. F. WILSON ET AL. v. NICHOLAS TARTER.

MORTGAGES—FORECLOSURE—REDEMPTION OF PARCEL.—A mortgage was foreclosed and the whole mortgaged premises sold on execution to the mortgagee without making a defendant of one who owned part of the land by title acquired subject to the mortgage; *held*, in a suit by the successor in interest of such owner to redeem his parcel of land, that the mortgagee must elect between redemption of the whole premises on the one hand, or, on the other, conveyance of the parcel to the plaintiff, in the suit to redeem.

Union county: JAS. A. FEE, Judge.

Defendant appeals. Modified.

The object of this suit is to redeem certain mortgaged property. The facts upon which the plaintiff's rights depend may be briefly summarized: On the seventh day of January, 1885, one M. B. Baird and E. D. Baird, his wife, were the owners in fee of several lots, blocks, and parcels of land situated in the town of Union, Lewis' addition to the town of North Union, McCully's addition to the town of North Union, and also in the town of West Union, all in Union county, Oregon, and on that day mortgaged the same to Nicholas Tarter and W. H. McComas to secure the payment of two notes,— one to McComas for eight hundred and seventy-eight dollars and fifty-eight cents, and the other to the defendant Tarter for one thousand dollars,— each of said notes bearing interest, which mortgage was duly recorded; that thereafter the note to McComas was duly paid; that on the ninth day of June, 1885, said Baird and wife sold and conveyed in due form block one in McCully's addition to North Union, which was included in said mortgage, to one A. Riggs, which deed was duly recorded June 30, 1885; that thereafter, M. B. Baird died intestate, and Nelson Schoonover was duly appointed administrator of his estate; that on the eighth day of August, 1887, said Tarter commenced a suit in the circuit court of Union county, Oregon, to foreclose said mortgage; that in said

suit, said administrator, as well as E. D. Baird and the heirs at law of M. B. Baird, were made parties defendant, but not A. Riggs; that on the twenty-fourth day of February, 1888, such proceedings were regularly had in said suit that a decree was regularly taken and entered foreclosing said mortgage against said defendants, and directing the mortgaged premises to be sold to satisfy the amount then due, namely, one thousand two hundred and sixteen dollars and sixty cents, with costs and disbursements. Thereafter, upon an execution duly issued on said decree, and the sheriff having advertised said property according to law, the same was duly sold as one parcel to the defendant Tarter on the ninth day of April, 1888, for the sum of one thousand four hundred and twenty-nine dollars and sixty-three cents; and at said time said purchaser received the proper certificate; that on October 4, 1888, said circuit court duly confirmed said sale, and that thereafter, the time of redemption having expired, the sheriff of said county made a deed conveying said property to Tarter, who entered into possession of all of said property; that on the seventh day of August, 1889, Riggs and wife, by deed in due form, conveyed to the plaintiff said block one in McCully's addition to the town of North Union, Union county, Oregon, including his equity of redemption of, in and to the whole of said mortgaged premises; that the reasonable value of the rents and profits of said mortgaged premises since Tarter entered into the possession of the same is thirty-five dollars per month; and plaintiffs offer to pay whatever may be found to be due on said mortgage to Tarter upon an accounting.

The answer admits many of the facts relied upon by the plaintiff, but the principal contention is as to the law arising thereon. It is admitted that the rents and profits of said mortgaged premises from the date of the sale till this suit was commenced were three hundred and seventeen dollars and fifty cents, and that Tarter paid seventy-eight

dollars and fifty cents in making permanent repairs on the
property, and taxes thereon to the amount of one hundred
and three dollars and twenty-two cents.

The reply denies the new matter in the answer. The
reply also contained some new matter by way of estoppel
as to one of the contentions of the defendant, but the same
need not be specially noticed.

The cause was referred, and after taking the evidence,
the referee found the facts as follows: First, that on the
seventh day of January, 1885, when M. B. Baird and wife
made the said mortgage to the defendant, set out in the
complaint, they were the owners of said block one in
McCully's addition to the town of North Union, and that
in said mortgage they attempted to and purported to con-
vey to the defendant with certain other property, lots four,
five, six, and seven, or one-half of said block one; second,
that the recorded plat of said block one of McCully's addi-
tion does not show that said block is laid out in town lots,
but that the deeds mentioned and referred to in said stipu-
lation show that said block one contains eight lots; third,
that the deed from M. B. Baird and wife to A. Riggs, dated
June 19, 1885, conveyed to said Riggs all of said block
one; fourth, that the defendant claimed in his complaint,
filed for foreclosure of said mortgage, that said mortgage
included said lots four, five, six, and seven of said block
one, and that it was a valid and subsisting lien thereon;
fifth, that defendant has at all times since the sheriff's sale
of the mortgaged premises claimed to own said lots four,
five, six, and seven of said block one, by virtue of said
sheriff's sale and deed; sixth, that the deed from A. Riggs
and wife to plaintiffs, dated August 7, 1889, conveyed to
plaintiffs all of said block one, and that whatever equities
of redemption said A. Riggs and wife had in and to the
property included in defendant's mortgage, were conveyed
to plaintiff thereby; seventh, that defendant has received
from rent of said mortgaged property up to the ninth day

of February, 1891, four hundred and ninety dollars and seventy cents, but that he has received no rent from said block one; eighth, that defendant has expended for repairs on said mortgaged property one hundred and thirty-one dollars and eighty-five cents, and has paid taxes on the same, including the taxes of 1890, assessed to defendant, ninety-eight dollars and eighty-eight cents; ninth, that the amount due defendant on said mortgage at the time of the sale, exclusive of attorney fees and costs, was one thousand three hundred and thirty-two dollars and sixty-six cents, and that nothing has been paid on it by the mortgagor, nor has any part of it been paid since by the heirs or administrator of the deceased mortgagor; tenth, that there is nothing to show from the pleadings or the stipulation the value of the different lots or parcels of land included in the mortgage, or of any or all of the property mortgaged; eleventh, that A. Riggs, plaintiffs' grantor, was not made a party to the foreclosure suit by defendant.

The referee also made findings of law favorable to the plaintiffs, and recommended a decree in their favor. The court modified the findings of fact as well as of law in one particular, and then decreed in favor of the plaintiffs, from which the defendant has brought this appeal.

*R. Eakin,* for Appellant.

Plaintiff would be required to redeem the whole property by paying the whole debt if the mortgagee demanded it; but his rights are only against us as mortgagee, not as purchaser. They can redeem our mortgage, not the land. (*Renord* v. *Brown,* 7 Neb. 455; *Green* v. *Dixon,* 9 Wis. 536.

The court cannot compel conveyance by defendant to plaintiffs, of the property, when so redeemed; plaintiffs are only subrogated to the rights of the mortgagee. (*Robinson* v. *Fife,* 3 Ohio St. 564; Jones Mortg. § 1075.)

All the parties being in court, instead of permitting redemption by plaintiffs and requiring another suit by

them to compel contribution from owner of the other parcels, the court will adjudicate the whole matter, and determine the amount to be paid by plaintiff, and also the *pro rata* due from defendant's portion of the land to supply the mortgage debt, and compel payment accordingly.

The right to require the redemption of the whole property by the owner of only a part, is personal to the mortgagee; he will not be required to divide his securities; but the redemptioner cannot demand such right. (Jones Mortg. § 1072; *Dukes* v. *Turner,* 44 Iowa, 575 ; Pom. Eq. Jur. § 1220.)

By defendant's purchase at foreclosure sale, he has become the grantee of the mortgagor of the property as to the property owned by the mortgagor at the time of foreclosure; and his rights as mortgagee stand intact as to the property owned by plaintiffs, their rights not having been foreclosed. (*Sellwood* v. *Gray,* 11 Or. 539; *Watson* v. *Dundee etc. Co.* 12 Or. 474.)

If plaintiffs are permitted to redeem against us, it only subrogates them to the rights of the mortgagee; and defendant, as grantee of the mortgagee, has right and privilege to contribute his *pro rata* of the debt, and thus save his share of the property.

In case of redemption from the purchaser at a foreclosure sale, who has been in possession from the date of sale, the purchaser is not chargeable with rents, or value of use, to be deducted from the mortgage debt or purchase price. (Hill's Code, §§ 301, 303, 307; *Cartwright* v. *Savage,* 5 Or. 397; *Higgenbottom* v. *Benson,* 24 Neb. 46 ; S. C. 8 Am. St. Rep. 211; *Page* v. *Rogers,* 31 Cal. 301; *Harris* v. *Reynolds,* 13 Cal. 516; 73 Am. Dec. 600.)

In this case the defendant foreclosed his mortgage, had the property sold, and received the sheriff's deed therefor, without making plaintiff's grantor, Riggs, a party. By virtue of these proceedings, the defendant is now the owner in fee of the property mortgaged, except the plaintiff's lots;

or, in other words, he is the grantee of the mortgagor. (Jones Mortg. § 1075; *Abraham* v. *Chenoweth*, 9 Or. 354.)

*T. H. Crawford*, for Respondents.

The defendant Tarter cannot be heard to say that his mortgage lien did not attach to these lots described and set out in his said mortgage, for the reason, as the facts show, that in the foreclosure proceedings referred to in the complaint, said Tarter asked the court for decree adjudging his mortgage a valid and subsisting lien on said lots; and the court, in its decree therein rendered, adjudged said mortgage of said Tarter to be a valid and subsisting lien against all of the property described in said mortgage, including said lots, and the said Tarter is, by reason thereof, estopped from denying the lien of his mortgage as aforesaid. (Bigelow, Estoppel, 601–604; 7 Am. & Eng. Ency. Law, 22; *Embry* v. *Palmer*, 107 U. S. 8; *Dreyfous* v. *Adams*, 48 Cal. 131.)

When a necessary party to a foreclosure proceeding is not made a party to the suit, his equity of redemption remains unimpaired, and he can redeem by paying the mortgage debt and interest and all expenses incurred by the purchaser for the necessary and permanent improvements made upon the mortgaged premises, and taxes assessed against the same, less the rents, issues, and profits received by the purchaser or mortgagee in possession, and such redemption may be had, however small the interest of the party entitled to redeem. (15 Am. & Eng. Ency. Law, 828; 3 Pom. Eq. Jur. § 1220; Boone, Mortg. § 160; *Boqut* v. *Coburn*, 27 Barb. 230; *Street* v. *Beal*, 16 Iowa, 68; 85 Am. Dec. 504; *Dukes* v. *Turner*, 44 Iowa, 575; *Gibson* v. *Orehore*, 5 Pick. 146; *Calkins* v. *Munsel*, 2 Root, 333; *Martin* v. *Fridley*, 23 Minn. 14; *Andreas* v. *Hubbard*, 50 Conn. 351; *Gage* v. *Brewster*, 31 N. Y. 218; *Bradley* v. *Snyder*, 14 Ill. 263; 58 Am. Dec. 564; *Curtis* v. *Gooding*, 99 Ind. 45; *Kelgour* v. *Wood*, 64 Ill. 345; *Douglass* v. *Bishop*, 27 Iowa, 214.)

· A. Riggs, the grantor of respondents Wilson & Hackett, being at the time of the commencement of the foreclosure proceedings by appellant Tarter, seized of the legal title to block one of McCully's addition to North Union aforesaid, and not being made a party to said foreclosure proceedings, his right of redemption was not affected, and he had a right to redeem from the mortgage, notwithstanding said foreclosure and sale, and the deed from said A. Riggs and wife to these respondents vested the equities of said Riggs in them. (Boone, Mortg. § 160; *Noyes* v. *Hall*, 97 U. S. 34; *Endel* v. *Leibrick*, 33 Ohio St. 254.)

STRAHAN, C. J.—It must be taken as the settled law of this court that if the mortgagor, the owner of the mortgaged premises, or a subsequent lien-holder, is not made a party to a foreclosure suit, his interest is unaffected by the suit, and the decree of foreclosure does not bind his rights. (*Besser* v. *Hawthorne*, 3 Or. 512; *DeLashmutt* v. *Sellwood*, 10 Or. 319; Wiltsie Forecl. 126.) This principle is elementary, and was not controverted on the argument by appellant's counsel. The real contention grows out of its application. The respondent's contention is, that inasmuch as the several lots and parcels of land mortgaged were sold at the foreclosure sale at an aggregate sum and not separately, it is now impossible to determine what proportion of the burden created by the mortgage each should bear, and that therefore they have the right to redeem the entire property; and that by virtue of said redemption they are entitled to have all the mortgaged property transferred to them by the defendant. On the other hand, the appellant's contention is, that in exercising the right of redemption, the plaintiffs simply pay off the mortgage, by which means they become subrogated to Tarter's interest therein, with the right to hold and foreclose the same against the mortgaged property except the Riggs interest now held by the plaintiffs. It is proper to observe that the proceedings

in Tarter's foreclosure suit against Baird's heirs and representative are in every respect regular and sufficient in law to pass to him the Baird title in the entire property except the block deeded by Baird to Riggs. As to Baird's interest, then, Tarter's title is complete, and the only defect in the title as to the Riggs interest is that the mortgage was not foreclosed because the owner of the block was not made a party to the suit. Do these facts create in the owners of that interest such a controlling equity as to enable them to wrest from the defendant against his will the title to the property, as to which there is no question?

The right claimed on the part of the plaintiffs is placed upon the ground that the right of redemption as to the block they hold has not been foreclosed, and that they cannot exercise the right of redemption as to part without redeeming all; but this rule seems to have been made for the benefit of the mortgagee. The authorities say he shall not be compelled to divide his debt and security into portions. (*Green* v. *Dixon*, 9 Wis. 532.) But even this rule, it is said by the same authority, does not apply after a foreclosure and sale in a suit when the owner of one of the tracts mortgaged was not made a party. The same reason is suggested by another authority: "The debt being a unit, no party interested in the whole premises or in any portion of them, can compel the mortgagee to accept a part of the debt and relieve the property *pro tanto* from the lien." (3 Pom. Eq. Jur. § 1220.) In *Robinson* v. *Fife*, 3 Ohio St. 551, the principle is thus stated: "The right to claim that the whole, and not a part, shall be redeemed, is a right which appertains to the mortgagees, and not to the mortgagor. The reason of the rule is, that the mortgagee shall not be compelled to divide or apportion his security." (*Boqut* v. *Coburn*, 27 Barb. 230.) "But this rule does not apply," it is said, "where the mortgage has been foreclosed without making all of the several owners of the land parties to the suit, and the mortgagee has purchased at the

sale, because he has by such proceeding and purchase voluntarily severed his right, and obtained an indefeasible title to part of the land, and only a defeasible title to another part. The owner not made a party, may redeem the portion owned by him on paying a part of the mortgage debt bearing such proportion to the whole as the value of his land bears to that part of the whole mortgaged premises." (2 Jones, Mort. § 1074.)

It was insisted by the respondents that in exercising the right of redemption they were entitled to a decree vesting in them all the estate of Tarter in the mortgaged premises, if he failed to convey the same upon receiving the entire amount of his mortgage and interest; and they cited several authorities to sustain their contention. (*Calkins* v. *Mensel,* 2 Root, 333; *Noyes* v. *Hall,* 97 U. S. 34.) But the authorities are not uniform on this subject. The appellants' contention is, that in redeeming, the respondents would acquire the security which the appellant held, and nothing else; that by paying his debt due by Baird, they simply became subrogated to his rights under the mortgage, and they cite *Renard* v. *Brown,* 7 Neb. 449; *Pardee* v. *Van Anken,* 3 Barb. 534.

But without undertaking to reconcile these cases, or to adopt one theory to the exclusion of the other, it seems to us that complete equity may be administered in this case by applying *Boqut* v. *Coburn, supra,* to the facts of this case. According to the doctrine of that case, Tarter would have an election to say whether the entire premises should be redeemed or not. He may submit to a redemption by accepting the amount found due by the court, in which event he will convey his interest in the premises to the plaintiffs within thirty days after this decree is entered in the court below, or in default, the decree to operate to convey the same; or should he elect to retain the property, except the Riggs interest, now owned by the plaintiffs, he will, by good and sufficient deed, convey that to the plain-

tiffs within twenty days after the entry of this decree in the court below covenanting against his own acts; and, in default of his executing said last-named deed within said time, then the defendant shall be deemed to have elected to accept his debt and transfer his interest as above provided.

Under the circumstances of this case, neither party will recover costs against the other in this court.