AMERICAN LOAN & TRUST CO. v. ATLANTA ELECTRIC RY. CO. et al.

(Circuit Court, N. D. Georgia.   June 20, 1899.)

No. 1,044.

1. MORTGAGES—FORECLOSURE SALE—RIGHTS OF JUNIOR MORTGAGEE.
   Under Civ. Code Ga. § 2747, which does not require or permit a junior mortgagee to become a party to a statutory proceeding to foreclose the senior mortgage, where the property has been sold in such foreclosure proceedings the remedy of the junior mortgagee is by a bill to redeem.

2. SAME—SUIT TO REDEEM—TENDER OF PAYMENT.
   A bill by a junior mortgagee to redeem from a sale under the senior mortgage must contain an offer to pay the entire first mortgage debt, where it is greater than the price for which the property was sold.

On Rehearing.

MORTGAGES—STATUTORY FORECLOSURE IN GEORGIA—RIGHT OF JUNIOR MORTGAGEE TO REDEEM.
   A proceeding by a senior mortgagee to foreclose his mortgage according to the statutory form and proceedings used in Georgia, and a sale thereunder, do not deprive a junior mortgagee—who cannot, under the statute, be made or become a party to such proceedings—of the right to redeem by paying the senior mortgage and the costs of foreclosure.

This is a suit in equity to foreclose a mortgage.   Heard on bill and answers.

H. M. Patty and King & Spalding, for plaintiff.

Burton Smith, King & Anderson, and C. P. Goree, for defendants.

NEWMAN, District Judge.   The allegations of the bill are substantially as follows:   That on the 2d of March, 1896, the Atlanta Electric Railway Company made and executed 42 bonds, each of that date, and each for the sum of $500, making a total of $21,000, payable to bearer at 6 per cent. per annum from date, payable semiannually; that, to secure the said issue of bonds, the railway company, on the said 2d day of March, 1896, executed and delivered to complainant a certain deed of trust whereby it conveyed its line of street railway within and adjacent to the city of Atlanta, in Fulton county, Ga., together with all its rights, franchises, etc.; that the railway company agreed that in default of payment of interest as per contract, and when such default shall have continued for three months after payment had been duly demanded, etc., the bonds shall become payable, and the right given to the trustee, upon the request of the holders of one-half of the bonds outstanding, to sell the property covered by the trust deed, or to institute proper legal proceedings for the foreclosure of the mortgage; that the default in the payment of interest had existed for three months, so as to authorize foreclosure proceedings; that on the 17th day of August, 1895, the Atlanta Electric Railway Company had executed and delivered to D. H. Livermore a mortgage to secure $24,500 of existing indebt-

edness, and $5,500 which Livermore agreed thereafter to advance; that subsequently, and at a date unknown to it, Livermore gave his own note to J. F. Leary, ostensibly for the sum of $10,000, and undertook to deliver to Leary, as collateral, the notes secured by the mortgage upon the railway company, and also the mortgage; that the railway company had delivered the bonds secured by complainant's trust deed to Livermore, and had thereby extinguished the debt due Livermore, and secured by his mortgage; that on the 30th day of November, 1897, in the superior court of Fulton county, Leary caused a proceeding in the name of Livermore, suing for his use, to be instituted, for the purpose of foreclosing the mortgage held by him as collateral; that the proceeding was in the statutory form for foreclosure of a mortgage on real estate in Georgia, and a rule nisi was issued requiring the defendant to pay the sum of $24,500 principal, and interest and costs, on or before the first day of the next term of the superior court, which term was to convene on the 7th day of March, 1898, or, in default thereof, that the court would proceed as to justice might appertain; that the railway company, by its president, acknowledged service, and consented that a judgment of foreclosure might be entered for the full amount sued for; that thereupon a rule absolute was granted by the superior court for the sum of $24,500 principal, and something over $5,000 interest, with all costs of suit, and the equity of redemption in said railway company was adjudged to be forever barred and foreclosed, and that said sum should be made and recovered out of the mortgaged premises; that execution was issued upon the said railroad, and the property advertised and sold on the first Tuesday in April, 1898; that on the sale the property was knocked down to J. F. Leary, as the best and highest bidder, for the sum of $500; that complainant had no notice of the foreclosure proceeding until the day before the sale; that it gave to the sheriff, and caused to be read at the sale, a notice setting up its rights; that Leary heard and read the notice, and was fully apprised of its contents, and of the claim of complainant, before the property was bid off by him; that complainant was not a party to the foreclosure proceeding, and, by express provision of the law of Georgia, was not entitled to become a party to said proceeding. There are other parts of the bill, immaterial here. The only prayer in this bill, insisted on now, is to have a decree of foreclosure and a sale of the property.

The Atlanta Electric Railway Company and Leary have both answered the bill, and in both answers it is claimed that the transactions between the railway company and Livermore, and between Livermore and Leary, were both made in the utmost good faith, and that the consideration named in both transactions actually passed. The railway company says that it received from Livermore the amount for which the notes and mortgage were given, and both the company and Leary say that the $10,000 was actually loaned by Leary to Livermore at the time of the transaction between them.

Counsel for complainant conceded on the argument that such was the fact; that the transaction between Livermore and Leary was a bona fide transaction. So the case stands in this way: On the

17th of August, 1895, the railway company gave to Livermore notes, and a mortgage to secure the same, for the principal sum of $24,500; that in September and October, 1895, Leary loaned to Livermore $10,000, and took from him a transfer of the notes and the mortgage named as collateral security; that subsequently to this, on the 2d of March, 1896, after the transaction between Livermore and Leary was complete, the trust deed was executed to complainant to secure an issue of $21,000 of bonds; that, in 1897, Leary foreclosed his mortgage under the statutes of Georgia, and according to its forms, and caused the property to be sold, bidding the same in for $500, and causing the deed to be made to his daughter. Leary claims that he had the deed so made, solely for the purpose of enabling him to sign any bond that might be required, that it was done upon the advice of his attorney, and that he assumed all responsibility for the bid.

Conceding, as counsel have in the argument of this case, that Leary actually loaned the money, and that the transaction was bona fide in every way, we come to consider the rights of complainant. The complainant must stand in this case, of course, as a junior mortgagee, and with such rights as that relation to the transaction will give it. The contention is that it has the right, notwithstanding the purchase by Leary under the foreclosure sale, to have the property resold, inasmuch as it was not a party to the foreclosure proceeding. The Civil Code of Georgia (section 2746) provides for any defense by the mortgagor or his special agent against a foreclosure proceeding which might be made in an ordinary suit instituted on the debt, and section 2747 provides as follows: "If the mortgagor or his special agent or attorney fail to set up the defense provided for in the preceding section, it is not competent for any third person to interpose; neither will the court itself, of its own motion, do so." It seems, therefore, that complainant, as a junior mortgagee, having been precluded from asserting its rights in the statutory foreclosure proceeding, may now do so, in a proper way. Its right is to have its debt paid after the amount due on the older mortgage shall have been paid off. To accomplish this object, its remedy would seem to be by a bill to redeem.

The purpose of the bill here seems originally to have been to attack the debt from the railway company to Livermore, and from the company to Leary, and, while complainant's right to redeem is mentioned in the bill, it can hardly be said to be a bill strictly for that purpose. Even treating it as a bill to redeem, it lacks a very necessary ingredient, and that is an offer to pay off the prior incumbrance. As the case now stands, by the answers and by concession of counsel, any right which complainant in this case may have is subordinate to Leary's right to have his debt paid, and, before this junior mortgagee can have any standing in court, it must offer to do equity, which is to pay Leary's mortgage. "Payment of the amount due on the mortgage is a necessary condition precedent to redemption." Jones, Mortg. (5th Ed.) § 1070. This property having been sold for a less amount than the older mortgage debt, it is not sufficient to tender the purchase money, but there must

be a tender of the amount due on the senior mortgage. "To redeem property which has been sold under a mortgage (as is alleged irregularly), it is not sufficient to tender the amount of the sale. The whole mortgage money must be tendered, or, if suit be brought, be paid into court." Collins v. Riggs, 14 Wall. 491, 20 L. Ed. 723.

It is unnecessary to pass any further upon the rights acquired by the purchaser at this sale than to say, at present, that the most complainant can claim in this case is the right to redeem the property by paying off Leary's debt, with interest and costs (not passing for the present upon the question of attorney's fees, as that was merely alluded to, but not argued), and to institute proper proceedings for that purpose. Unless, by the present bill, such a tender is made, the bill must be dismissed.

## On Rehearing.

### (November 14, 1899.)

Subsequently to the filing of the former opinion in this case, filed June 20, 1899, complainant, the American Loan & Trust Company, amended its bill, and tendered to Leary the amount due him by Livermore, with interest and costs, in the event that the lien of Livermore's mortgage, transferred to Leary, should be held superior to complainant's lien. After this amendment was allowed, a decree was entered in which it was adjudged (1) that the mortgage to Livermore was a good and valid security for Leary's debt of $10,000, and that Leary was entitled to enforce the same for the purpose of collecting the debt due by Livermore; (2) that the Livermore mortgage, in Leary's hands, was a superior lien to the deed of trust given by the Atlanta Electric Railway Company to the American Loan & Trust Company; (3) that the foreclosure proceedings of Livermore for the use of Leary against the Atlanta Electric Railway Company, in the state court, to foreclose the mortgage given by the railway company to Livermore, and the proceedings had thereunder, were not binding upon the American Loan & Trust Company, and did not foreclose its equity of redemption to the mortgaged premises, and that said American Loan & Trust Company was entitled, upon payment to Leary of his principal, interest, and costs, to redeem the property so mortgaged from the lien of the mortgage. It was then further decreed that the American Loan & Trust Company should have until July 17, 1899, to pay to said Leary the sums aforesaid, and in default thereof the right of said American Loan & Trust Company to redeem said premises should be forever extinguished and barred, and its bill dismissed, and Leary's title to said premises should stand freed from all right or equity of redemption of said American Loan & Trust Company thereto or therein. The decree further fixed the amount of the debt of the American Loan & Trust Company, and its right to foreclose was adjudged, subject to its making default in redeeming the first mortgage, as before provided. The further provisions of the decree determined the rights of the complainant in the event it should redeem. This decree was entered on the 30th day of June, 1899. Subsequently,

on the 17th day of July, 1899, the Atlanta Consolidated Street-Railway Company, alleging that it had leased the mortgaged premises from Leary, moved for a rehearing, and to set aside so much of the decree rendered as held that the title acquired by Leary at the sheriff's sale was subject to the right of the American Loan & Trust Company, as junior mortgagee, to redeem, on payment to Leary of his debt, with interest and costs. By consent of all the parties at interest, the motion was allowed to stand over for a hearing at a time to suit the convenience of the court and counsel, and the motion has been recently elaborately argued, and full briefs submitted.

The precise question to be determined on this application for a rehearing is, does a proceeding to foreclose a mortgage by a senior mortgagee, according to the statutory form and proceedings used in Georgia, and a sale thereunder, deprive a junior mortgagee of the right to redeem by paying off the senior mortgage and all the costs of the foreclosure proceedings? The statutory method of foreclosing a mortgage on real estate in Georgia is by what is commonly known as a "rule nisi" and a "rule absolute." A rule nisi calls on the mortgagor to pay into court, on or before the first day of the next term succeeding the one at which the rule is granted, the amount of the mortgage debt, with interest and costs. When the rule nisi has been issued and published or served as required, the mortgagor, or his special agent or attorney, may appear at the term of the court at which the money is directed to be paid, and file his objections to the foreclosure of the mortgage, and may set up and avail himself of any defense which he might lawfully set up in an ordinary suit instituted on the debt or demand secured by such mortgage, and which goes to show that the applicant is not entitled to the foreclosure sought, or that the amount claimed is not due; provided, such defense is verified by the affidavit of the mortgagor, or his special agent or attorney, at the time of filing the same. The statutes further provide (Civ. Code, § 2747) that if the mortgagor, or his special agent or attorney, fail to set up the defense provided for, it is not competent for any third person to interpose; neither will the court, of its own motion, do so. If the mortgagor fails to pay the principal, interest, and costs as required, and fails to set up and sustain his defense, the court shall give judgment for the amount due on the mortgage, and shall order the mortgaged property to be sold in the manner and under the same regulations which govern sheriff's sales under execution. The junior mortgagee cannot be made a party to this statutory foreclosure proceeding. Such being the case, is the equity of redemption of a junior mortgagee barred by such foreclosure proceeding, where he could not be made a party and has no opportunity to be heard?

There is a provision in the statutes of the state (Civ. Code, § 2770) by which "the holder of any mortgage to real or personal property, or both, whether as original mortgagee or as executor, administrator or assignee of the original mortgagee, shall be at liberty to foreclose such mortgage in equity according to the practice of courts in equitable proceedings, as well as by the methods prescribed in the Code." Before discussing the decisions of the supreme court of

the state, so far as they may be pertinent to a determination of the questions here involved, it may be well to observe that at common law, and under general law, independently of any statutory provision, the right of a junior mortgagee, who has not been made a party to the foreclosure proceeding by which a senior mortgage is foreclosed, to redeem, even after sale of the mortgaged premises, is undeniable. 2 Jones, Mortg. § 1064 et seq.; Terrell v. Allison, 21 Wall. 289, 22 L. Ed. 634; Howard v. Railway Co., 101 U. S. 837, 25 L. Ed. 1081 (on this point, pages 848, 849, 101 U. S., and page 1084, 25 L. Ed.); McCormick v. Knox, 105 U. S. 122, 26 L. Ed. 940. The junior mortgagee has, by virtue of his mortgage, such an interest in the mortgaged property as gives him the equitable right of redemption in respect to the prior mortgage. 11 Am. & Eng. Enc. Law (2d Ed.) p. 219, and cases cited in notes. If a person entitled to redeem was not made a party to the foreclosure proceedings, it is for that reason a nullity as to him, and therefore does not affect his right of redemption. 11 Am. & Eng. Enc. Law (2d Ed.) p. 245, and cases cited in notes. The equitable right of redemption of property is an estate in the mortgaged premises. "It is descendible, devisable, and alienable, like other interests in real property." Clark v. Reyburn, 8 Wall. 318, 19 L. Ed. 354. A junior mortgagee receives, by his mortgage, such an interest in the mortgaged property, and such a transfer of the mortgagor's equity of redemption, as gives him an independent right to redeem. 11 Am. & Eng. Enc. Law (2d Ed.) p. 219. The contention made by counsel moving for the rehearing in this case, that a different rule prevails in other states, whereas in Georgia a mortgage is only a security for a debt, and passes no title, is not sustained by an examination of the authorities. The reverse is true in a number of those states, at least, in which the decisions have been examined. See Whitney v. Higgins, 70 Am. Dec. 748; Carpenter v. Brenham, 40 Cal. 221; Bunce v. West, 62 Iowa, 80, 17 N. W. 179; Poole v. Johnson, 62 Iowa, 611, 17 N. W. 900; Spurgin v. Adamson, 62 Iowa, 661, 18 N. W. 293; Avery v. Ryerson, 34 Mich. 362; Renard v. Brown, 7 Neb. 449; Wilson v. Tarter, 22 Or. 504, 30 Pac. 499; Pratt v. Frear, 13 Wis. 462.

Assuming, therefore, that it is settled, under the general law, that a junior mortgagee, not made a party to foreclosure proceedings, may redeem from the purchaser at foreclosure sale in a reasonable time, by paying the amount of the senior mortgage debt, with interest and costs, it is proper to consider whether there is anything in the decisions of the supreme court of this state construing the statutes on the subject, and the effect of the foreclosure sale by statutory method, which establishes a different rule.

The first case on the subject which may be noticed, inasmuch as it appears to refer to and discuss the former decisions, is the case of Williams v. Terrell, 54 Ga. 462. Judge McCay, in delivering the opinion of the court, says:

"This case turns upon the sole question as to whether the judgment of foreclosure against the mortgagee concludes the claimant. Under our Code, a mortgage may be foreclosed either by personal service on the mortgagor or by publication. It is expressly provided (section 3965, now section 2747) that, if neither the mortgagor nor his special agent or attorney sets up any defense,

it shall not be competent for any third person to do so. It follows, therefore, that this claimant not only was not a party to the proceedings to foreclose, but that it was not competent for him, on his own motion, to have appeared and defended. Can it be possible that it was the intent of the law that one not a party should be absolutely bound by a judgment against a third person, declaring this land to be subject to the mortgage, fixing the amount of it, declaring it still to be subsisting, etc., and that, too, when at the date of the proceedings the mortgagor had parted with all interest?"

He then proceeds to discuss certain prior decisions of the supreme court of the state, and concludes as follows:

"In Watson v. Spence, 20 Wend. 260, it is held that a decree in chancery against the mortgagor, foreclosing the equity of redemption, does not bind a purchaser from the mortgagor before the filing of the bill. The court says that, to bind one by a judgment, he ought to be a party or a privy to it. A vendee is never bound, except by acts done by his vendor before his purchase. He buys subject to all his vendor has done. But, after the title has passed out, it would seem contrary, not only to all rule, but to the principles of justice, to make it competent for the vendor, by any act of his, to conclude the purchaser. This, it will be remembered, is not a judgment against the mortgagor. It is a quasi judgment in rem,—a judgment, as against the mortgagor, that the land is subject to the mortgage, and that it (the mortgage) is a present subsisting charge on it. What security has the claimant that the judgment is right? The mortgagor did not have any possible interest in preventing the judgment. He had parted with all interest in the land, and the judgment did not bind him personally. On the whole, we feel bound to decide that the judgment does not conclude the purchaser who has bought before the commencement of proceedings to foreclose. If the mortgagee wishes to bind him, he must make him a party. Perhaps to do this he may have to file a bill. But, unless this be done, the purchaser may resist the judgment by any defense the mortgagor would have had."

It is true that in this case the party whose rights it was held were not affected by the foreclosure proceedings was a purchaser, but in the authorities no distinction is drawn between a purchaser before commencement of the foreclosure proceedings and a junior mortgagee, who takes his mortgage before the foreclosure proceedings are instituted. The junior mortgagee takes, so far as his right to redeem is concerned, the same interest by his mortgage as a purchaser would take by his purchase. It will be observed that the court treats this statutory foreclosure proceeding as "a quasi judgment in rem,—a judgment, as against the mortgagor, that the land is subject to the mortgage, and that it (the mortgage) is a present subsisting charge on it"; and, further, that, "if the mortgagee wishes to bind him, he must make him a party; perhaps to do this he may have to file a bill." If a junior mortgagee stands in the same relation to the mortgage transaction and the foreclosure sale as a subsequent purchaser, the language of this decision would seem to be conclusive that the same rule prevails in Georgia as prevails elsewhere, according to the authorities hereinbefore quoted.

In Lilienthal v. Champion, 58 Ga. 158, this is said in the opinion:

"This fact makes this legal question: Can the purchaser of the whole estate, paying full value therefor, plead usury, which the mortgagor neglected to plead when the mortgage was foreclosed? First, is he bound by the judgment of foreclosure? This court has held that the judgment of foreclosure does not conclude the purchaser. In Williams v. Terrell, 54 Ga. 463, the cases are all reviewed, and the judgment is distinctly pronounced that the purchaser is not concluded. Certainly, upon principle, it would seem that he ought not to be,

unless he was made a party, or bought·after· the foreclosure, or, at least, had some notice of the proceedings to foreclose. Nothing of the kind· is pretended in this case. See, also, Fry v. Shehee, 55 Ga. 208, and Civ., Code, § 3965 (now section 2747), which is conclusive."

The case of Frost v. Borders, 59 Ga. 817, was a case in which the question was as to whether or not the rights of the beneficiaries of a homestead were cut off by proceedings of foreclosure of a mortgage against the mortgagor, who was the head of the family. In the opinion by Judge Bleckley it was said:

"Purchasers from a mortgagor may go behind the judgment of foreclosure, where their protection requires it. Williams v. Terrell, 54 Ga. 462; Lilienthal v. Champion, 58 Ga. 158. The wife and minor children are not strictly purchasers of property set apart as exempt, but they are persons for whom the law feels a special solicitude. In that solicitude the policy of exemption has its source and origin. A judgment which would not conclude ordinary purchasers may well be held not to conclude them."

The question in Merritt v. Merritt, 66 Ga. 324, was similar to that in the immediately preceding case, and it was held, following Frost v. Borders, that the beneficiaries of the homestead estate were not bound by a judgment of foreclosure of a mortgage.

The case of Mixon v. Stanley, 100 Ga. 372, 28 S. E. 440, is relied upon by the movants here. It was decided in that case that, as a mortgage does not in this state pass title to the mortgagee, the latter is not an owner of the mortgaged property, and therefore is not entitled, under section 909 of the Political Code, to redeem land upon which he held a mortgage, where the same was sold under tax execution against the mortgagor. There is nothing in this affecting the question now before the court. It simply construes the meaning of the word "owner" in the statute authorizing redemption from tax sales. The court merely holds that a mortgagee is not an owner, and that it will not extend the statute beyond those bounds.

Instead, therefore, of contravening the general rule on the subject under discussion, these decisions by the supreme court of the state seem to be in entire accord with it. The conclusion, therefore, must result that in a case like this, in Georgia, the right to redeem exists.

This is peculiarly a strong case in favor of the right of the junior mortgagee to come in and pay off the prior mortgage, even after foreclosure. Leary foreclosed for the whole amount of the judgment to Livermore. Leary's· debt was $10,000, with interest, and the Livermore mortgage, which had been transferred to him as collateral, was for $24,500. While this court has held that the transaction between Livermore and Leary was a bona fide transaction, so as to authorize Leary to recover and to have a lien for the amount of his debt against Livermore, it has also held that that was all to which Leary was entitled. As to the additional amount due on the Livermore mortgage, it is clear that Livermore would have no right to claim priority over the mortgage to the American Loan & Trust Company. He executed the trust deed, as secretary of the railway company, to the American Loan & Trust Company, as trustee, and stipulated that it was a first lien on the property for the

benefit of the bonds secured thereby. Clearly, Livermore could not, as against this instrument and the holders under it, claim any prior right. So that to clear up this transaction, and ascertain the exact amount which it would be necessary to pay Leary, the American Loan & Trust Company would seem to have a stronger right to come into a court of equity and be heard than would an ordinary junior mortgagee against a purchaser at a foreclosure sale under a senior mortgage, where there was no question as to the amount due on the senior mortgage. The decree heretofore rendered in this case, allowing the American Loan & Trust Company to redeem on payment to Leary of the amount of his mortgage, with interest and costs, was right, and the rehearing will be denied.