348 So.2d 620 (1977)
SUN FIRST NATIONAL BANK OF ORLANDO, As Trustee, Appellant,
v.
R. G. C., an Indiana Limited Partnership, Appellee.
No. 76-1128.
District Court of Appeal of Florida, Fourth District.
July 8, 1977.
Patrick T. Christiansen of Maguire, Voorhis & Wells, Orlando, for appellant.
Mary Smith Townsend and Frank M. Townsend, Kissimmee, for appellee.
GREEN, OLIVER L., Associate Judge.
The sole issue in this appeal is whether a mortgagor has an absolute right to timely *621 redeem its property for the amount bid at a foreclosure sale.
The facts pertinent to this appeal are that the appellee-mortgagee was awarded a Summary Final Judgment in a real property foreclosure action against the appellant-mortgagor. The Summary Final Judgment contained a finding that the appellee-mortgagee was due the sum of $1,988,061.25. A public sale of the mortgaged property was ordered. At the sale the appellee-mortgagee purchased the property for $1,000.00. The appellant-mortgagor now claims that it is entitled to timely redeem the property for $1,000.00.
There are no Florida appellate opinions on this limited issue. Appellant-mortgagor contends, however, that Section 45.031(7), Florida Statutes (1975), is determinative in that it provides, "the amount of the bid for the property at the sale shall be conclusively presumed to be sufficient consideration for the sale". This provision has no application to the present issue. Section 45.031(7) only establishes that the amount bid for the property is sufficient consideration. The issue on appeal is whether the amount successfully bid at a foreclosure sale fixes the amount for which the mortgagor may redeem its property.
We hold that a mortgagor has no such right. The Supreme Court of the United States reached a similar conclusion in the case of Collins v. Riggs, 81 U.S. (14 Wall.) 491, 20 L.Ed. 723 (1872). The court held:
To redeem property which has been sold under a mortgage for less than the mortgage debt, it is not sufficient to tender the amount of the sale. The whole mortgage debt must be tendered or paid into court. The party offering to redeem, proceeds upon the hypothesis that, as to him, the mortgage has never been foreclosed and is still in existence. Therefore, he can only lift it by paying it. The money will be subject to distribution between the mortgagee and the purchaser, in equitable proportions, so as to reimburse the latter his purchase money and pay the former the balance of his debt.
81 U.S. at 493.
We adopt this language as a correct statement of the law in the present case.
The order denying the appellant-mortgagor's Motion to Redeem is affirmed.
DOWNEY and ALDERMAN, JJ., concur.