Decided 25 June, 1907.

**JACOBSON *v.* LASSAS.**

90 Pac. 904.

</div>

MORTGAGES—REDEMPTION—EFFECT.

A senior mortgagee in a suit to foreclose his mortgage joined a junior mortgagee as a defendant, and the decree in terms foreclosed all title and estate of the defendants. The property was sold under the decree, and the junior mortgagee purchased, and the senior mortgagee, having succeeded to the interest of the mortgagor, redeemed from the sale. *Held,* that the redemption by the first mortgagee abrogated the sale of the premises,- and restored to him, as the successor in interest of the mortgagor, the estate in the land as if the first mortgage had not been given, and the land was subject to the lien of the second mortgage.

From Baker: WILLIAM SMITH, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by Oscar Jacobson against George Lassas to quiet the title to certain real property in Baker County; the complaint being in the usual form. The answer states the nature and extent of the defendant's claim to the land, as hereinafter alleged. The reply avers, in effect, that on December 24, 1890, the premises were conveyed, subject to a mortgage of $3,500, to one Lettie McCarty, who, November 21, 1900, further mortgaged the land to secure the payment of $1,500; that the latter mortgage was assigned to the defendant, who, January 14, 1902, commenced a suit to foreclose the lien, but the suit was dismissed September 30, 1904, and he appealed to the supreme court, which reversed the decision January 30, 1906, and entered a decree granting the relief sought (*Lassas* v. *McCarty,* 47 Or. 474: 84 Pac. 76), and pursuant thereto the real property was sold to the defendant for $2,373.90, and the sale was confirmed September 24, 1906; and that such proceedings constitute the only interest he has in the land. It is further averred in the reply that the prior mortgage was assigned June 4, 1904, to the plaintiff, who, 21 days thereafter, secured from Lettie McCarty a conveyance of the premises in fee, and September 16, 1904, he also commenced a suit to foreclose the superior lien, making Lassas a party defendant with others, and alleging in the complaint that they claimed a lien on the real property which was inferior to his rights therein; that Lassas was served with a summons in that suit, and such proceedings were had therein that a decree was rendered March 17, 1905, foreclosing the first mortgage and declaring that each of the defendants was barred of all right, title, interest and estate in and to the premises, except the statutory right of redemption, and that, no appeal having been taken, the decree has become final; that pursuant thereto the land was duly sold to Lassas April 28, 1905, and eight days thereafter the plaintiff herein, as the successor in interest of Lettie McCarty, redeemed the real property from such sale. A demurrer to the reply was sustained, and, the plaintiff declining further to plead, the suit was dismissed, and he appeals.                    AFFIRMED.

For appellant there was a brief with an oral argument by *Mr. Charles Allen Moore.*

For respondent there was a brief over the names of *Samuel White* and *J. T. Chinnock,* with an oral argument by *Mr. White.*

Opinion by MR. JUSTICE MOORE.

The question to be considered is whether or not the reply states facts sufficient to show that the proceedings alleged to have been taken by the plaintiff in foreclosing the prior lien on the land bars the defendant from legally asserting any claim to the premises. It will be remembered that the reply avers that the suit to foreclose the superior lien was commenced 14 days before the suit to foreclose the second mortgage was dismissed by the trial court. The pleadings do not show when, where or how the summons in the suit to foreclose the first mortgage was served on the defendant herein. If he was served with process in the county in which the suit was commenced, he was required to appear and answer the complaint within 10 days from the date of such service; but, if he was served in any other county of this state, he was allowed 20 days for that purpose: B. & C. Comp. § 52. If, however, he was served by publication, he had at least six weeks after the suit was commenced in which to appear and answer: B. & C. Comp. § 57. It is therefore impossible to say whether or not the defendant was in default September 30, 1904, when his suit was dismissed.

In the suit to foreclose the superior lien Lassas, as the owner and holder of the second mortgage upon the same property, was a necessary party defendant: B. & C. Comp. § 424. If he had appeared and answered in that suit, and could have established the validity of his mortgage, a decree would have been given foreclosing the lien thereof, and specifying the order of time, according to priority, in which the debts secured by the respective liens should have been satisfied out of the proceeds of the sale of the property: B. & C. Comp. § 425. If after September 30, 1904, Lassas was legally entitled to appear and answer the complaint in the suit to foreclose the prior lien, and had under-

taken to allege the execution of the second mortgage and the assignment thereof to him, and had prayed for a decree adjudging that he had a lien upon the property, and directing the order of time in which the debts secured should be satisfied out of the proceeds of the sale of the land, such pleading might have appeared in the nature of a contempt of court, when the second mortgage had theretofore been decreed invalid, and by reason thereof the suit instituted to foreclose the lien had been dismissed. In the then condition of such suit, it would seem that Lassas preserved his rights to the property by purchasing it under the decree, given in the suit of the plaintiff herein, by paying therefor the amount of the prior lien and the costs and disbursements of the suit and the expenses of the sale. It will undoubtedly be conceded that if the real property had been sold under the decree to any other person, and a sheriff's deed therefor had been executed to the purchaser, such transfer of the title would necessarily have deprived the defendant herein of all estate in the premises. When, however, he became the purchaser of the real property at an enforced sale thereof, if no redemption therefrom had been made, and by reason thereof a sheriff's deed had been executed to him, he would have obtained all the real interests of the original mortgagors in the premises: Freeman, Executions (3 ed.), § 335. The redemption of the real property by the plaintiff herein abrogated the sale of the premises, and restored to him, as the successor in interest of Lettie McCarty, the estate in the land as if the first mortgage thereon had never been given: *Cartwright* v. *Savage,* 5 Or. 397; *Settlemire* v. *Newsome,* 10 Or. 446; *Flanders* v. *Aumack,* 32 Or. 19 (51 Pac. 447: 67 Am. St. Rep. 504); *Williams* v. *Wilson,* 42 Or. 299 (70 Pac. 1031: 95 Am. St. Rep. 745); *Katson* v. *Storey,* 47 Or. 150 (114 Am. St. Rep. 912: 80 Pac. 217).

Believing that no error was committed in sustaining the demurrer, the decree is affirmed.                    AFFIRMED.