Argued June 21, affirmed July 29, 1922.

## TRUNNELL ET AL. v. TONOLE ET AL.

(208 Pac. 583.)

**Improvements — Land Owner may Compel Removal of Building Erected on His Land by Another by Mistake.**

1. Between original parties, if by mistake one erects a building on the land of another, the latter may by mandatory injunction compel removal.

**Improvements—Leave may be had to Remove Building Erected on Another's Land by Mistake.**

2. One who by mistake has erected a building on the land of another may by proper proceeding have leave to remove the building on payment of any damage to the freehold.

**Mortgages—Sheriff's Certificate Held not to Include House Misrepresented by Mortgagor as Being on the Land.**

3. Where a mortgagor represented to the mortgagee that a house which he had built on an adjoining owner's land was on the land described in the mortgage, a sheriff's certificate of sale did not entitle the mortgagee, who had bid the land in after foreclosure, to the house, as he purchased under the doctrine of *caveat emptor*, taking only what the decree embraced; the foreclosure and sale operating as a satisfaction of the debt and extinguishing the mortgage, which was the only claim held by the mortgagee.

**Parties—On Question of Boundaries of Land Mortgaged, Mortgagor and Adjoining Owner are Proper Parties Defendant in Suit by Mortgagee.**

4. On the question of whether a house was located within the boundaries of a mortgagor's land or on the land of an adjoining owner, in a suit by the mortgagee to adjudge the house a part of the mortgaged land, the mortgagor and the adjoining owner may be joined as parties defendant.

**Reformation of Instruments—Mortgage may be Corrected to Include House Omitted by Mutual Mistake.**

5. Where by mutual mistake land on which a house stands is omitted from a mortgage, the mortgage may be corrected to include such land.

**Mortgages—Mortgagee Who has Satisfied Debt by Purchase of Land cannot Claim More Than Terms of Mortgage Included.**

6. A mortgagee having satisfied his debt by foreclosure and purchase of the mortgaged land for the full amount of the claim under the terms of *caveat emptor*, he is concluded from claiming a house misrepresented by the mortgagor as being on the land.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

AFFIRMED.

For appellants there was a brief over the names of *Mr. O. H. Foster* and *Mr. H. J. Shinn,* with an oral argument by *Mr. Foster.*

For respondents there was a brief and oral arguments by *Mr. Charles A. Hardy.*

BURNETT, C. J.—In May, 1908, the defendant G. P. Miller was the owner of a strip of land 30 feet wide and some eight or nine hundred feet long, lying alongside the right of way of the Oregon-California Railroad then in Douglas County, but now in Lane County owing to a legislative change in the boundaries of the two counties. At that time Miller and his wife conveyed to the defendants Tonole by metes and bounds 500 feet off the east end of the tract. The grantees entered into possession and proceeded to build a house thereon. The undisputed evidence is that they made no survey to locate the boundary line between the original tract and the part sold. When the Tonoles began the erection of the house, it is without contradiction in the testimony that their grantor, Miller, warned them to construct their house far enough to the east to be certain that they were on their own premises, and claimed at that time that they were building upon his land. He also told them then that if the event proved that the house was upon his land, he would keep it and they should not remove it. The Tonoles, however, persisted in building a house at the point they had selected.

Subsequently they mortgaged their realty to the plaintiff John W. Trunnell, representing to him that the house which they had erected was on their own

property. After having paid interest on the mortgage for a few years, the mortgagors defaulted and the mortgagee foreclosed, making the Tonoles the only parties defendant to the foreclosure suit. The suit went to decree, thence to sale and later to confirmation. At the sale the plaintiff John W. Trunnell, bid in the property for the full amount of the decree, receiving a certificate of sale from the sheriff.

After all this it was discovered through some surveys made by the state highway commission for an adjacent road that in truth the house was not on the Tonoles' land but was located at the west of the division line, so that it rested almost entirely upon Miller's land, the only exception being the major portion of the front porch. At this point, the Trunnells, husband and wife, instituted this suit against the Tonoles, Miller and the latter's wife, praying for a decree adjudging that the residence mentioned is a part of the property covered by the mortgage, and passed to the plaintiffs by virtue of the sale and certificate of sheriff's sale issued thereunder; and that the defendants and all of them be enjoined from interfering with the possession of plaintiffs, unless the property is redeemed from the sale.

The Tonoles answered, admitting the conveyance to them from Miller, and the marital relations of the defendants, but otherwise traversing the complaint except as stated in the answer. They aver in substance that the note and mortgage upon which the suit in foreclosure was based were given as boot in a trade of horses between the husband Tonole and John W. Trunnell, in which Trunnell had fraudulently represented the qualities of the horse he exchanged with Tonole. This, however, is not important, because it was disregarded by the Circuit Court and no appeal

has been taken by the Tonoles. They say they erected a house at their own expense but that it is not on the property described in the mortgage and was never represented to be; that after the sale on foreclosure the plaintiffs there took out a writ of assistance and ejected the Tonoles from the house, damaging their furniture in the sum of $500, for which they claim damages in that sum, with the further sum of $250 as punitive damages. The answer of the Millers is framed in similar terms.

After a hearing the Circuit Court entered a decree dismissing the suit of the plaintiffs and awarding damages against them in favor of the Tonoles for $50 and for costs, the defendants Miller being required to pay their own costs and disbursements. The plaintiffs appeal.

The contention of the plaintiffs is that the legal effect of the mortgage, considering the representation made by Tonole to Trunnell about the boundary when the mortgage was executed, was to invest the mortgagees with a lien not only upon the land described in the boundaries set out in the mortgage, but also upon the house situated on adjoining premises; and that with like legal effect the foreclosure and sale invested the purchasers with the title to that house.

1, 2. There is abundant authority for the doctrine that as between the original parties, if, by mistake, one erects his building on the land of another, the land owner on his part may by mandatory injunction compel the removal of the building; and on the other hand, the man who erected the building may by proper proceeding have leave to remove the same on payment of any damage accruing to the freehold. All this, however, amounts only to a cause of suit. It is not an estate in real property. It is not con-

tended here that there was a mistake in the wording of the mortgage or in the description of the land.

3. The suit is an effort to bring within that description a structure not actually there. The mortgage, the terms of which are not attacked, contains no ambiguity, but explicitly describes a certain tract of land. It purports to pledge only that land for the payment of the debt. It does not effect to pledge as security for the liquidation of the debt the cause of suit Tonole may have had against Miller to secure permission to remove the house. The only hold which the mortgagee had upon the land was his mortgage. The only object of that instrument was to secure the payment of the debt. That payment was accomplished by the foreclosure and sale. At the sale the judgment creditor bid the full amount of his decree and took title to what was sold to him. Such a purchaser is affected by the doctrine of *caveat emptor,* and buys at his peril, taking only what the decree gives him: *Hexter* v. *Schneider,* 14 Or. 184 (12 Pac. 668); *Kaston* v. *Storey,* 47 Or. 150 (80 Pac. 217). The foreclosure and sale operated as a satisfaction of the debt. They extinguished the mortgage, the only claim the Trunnells had upon the land. Having by its foreclosure and the consequent sale of the land worked out full satisfaction of the debt it secured, that instrument is *functus officio,* no matter how much besides the land might have been included in its terms.

4, 5. If the question presented had been one of disputed boundaries, the plaintiffs might have made parties defendant of the Tonoles and the Millers, and if the proper knowledge of the truth could have been imputed to those parties and a mutual mistake established in which the Millers, the Tonoles and the

plaintiffs were participants, the mortgage might have been corrected so as to include the land on which the house stands; but that is not the case presented to us.

6. The time for urging that contention has long since passed, and the plaintiffs, having satisfied their debt by the purchase of the land for the full amount of the claim, have no standing to contend for more.

The doctrine that foreclosure and sale destroy the mortgage is taught in *Flanders* v. *Aumack,* 32 Or. 19 (51 Pac. 447); *Williams* v. *Wilson,* 42 Or. 299 (70 Pac. 1031); *Higgs* v. *McDuffie,* 81 Or. 256 (157 Pac. 794, 158 Pac. 953). As against their effort to include in their mortgage what they thought was there, but which in fact was not, the plaintiffs have allowed the water to run by the mill of opportunity. They are bound by the decree which was framed in their own suit; and, having satisfied their mortgage by buying under the terms of *caveat emptor,* they are concluded. The decree of the Circuit Court is affirmed.                            AFFIRMED.

BEAN, BROWN and McCOURT, JJ., concur.