Argued October 21; modified December 23, 1930

McCREDIE *v.* McCREDIE ET AL.

(294 P. 361)

518

*George S. Shepherd* of Portland (W. W. McCredie of Portland on the brief) for appellants.

*Johnston Wilson* of Portland (Elton Watkins and John F. Logan both of Portland on the brief) for respondent.

KELLY, J. Appellant urges that the court was without equitable jurisdiction; that there was a defect of parties plaintiff in that Walter H. McCredie should have been made co-plaintiff; that the subject-matter of the suit comprises funds of a partnership, and that this suit cannot be maintained until an accounting has been

had; that no assignment, transfer nor gift to plaintiff of the bonds in question has been proven; and that the relief granted was not the relief prayed for.

■ We are of the opinion that the complaint alleges facts disclosing a breach of an implied or constructive trust.

In speaking of the wrongful appropriation or conversion into a different form of another's property by the custodian of such property, Mr. Pomeroy says:

"Whenever one person has wrongfully taken the property of another, and converted it into a new form, or transferred it, the trust arises and follows the property or its proceeds": 3 Pomeroy's Equity Jurisprudence (4th Ed.), § 1051, pp. 2400-1.

■ If we understand the brief of appellants, they do not insist that the complaint fails to state facts necessary to give a court of equity jurisdiction, for we find this statement in the brief:

"Where the facts necessary to give a court of equity jurisdiction are stated in the complaint and denied by the answer, the question of jurisdiction becomes one of fact, and is not waived by answering to the merits, and if the want of jurisdiction appears during the trial, the suit should be dismissed."

Because of this contention, we must look to the evidence to determine whether want of equitable jurisdiction appears therefrom. Walter H. McCredie, husband of plaintiff, testified that in the fall of 1921, from the proceeds of the sale of a baseball club he bought the bonds mentioned in the complaint for the plaintiff; that he then told the defendant, W. W. McCredie, who is his uncle, that he had no insurance policy for his wife, that he would like to buy some bonds to be safe, "for a kind of old-age pension; and that if things went wrong, he would always have those to fall back on;"

that he wanted them for the wife because he had no insurance and he thought the wife was entitled to some protection. He, Walter H. McCredie, further testified that the bonds were left in Judge McCredie's trust, referring to W. W. McCredie, that said defendant was always to take care of those bonds and promised witness that he would never touch them.

This witness also testified that after the institution of this suit defendant W. W. McCredie asked the witness to release ''Etta's bonds'' and accept a note drawing 6 per cent. This we understand to be a reference to the bonds in suit as the property of plaintiff and respondent.

This evidence supports plaintiff's claim of ownership, discloses a fiduciary relationship between plaintiff and defendant, W. W. McCredie, and establishes an implied or constructive trust as to the bonds in question.

The breach of the terms of this implied trust, by the delivery of the bonds to defendant, Hugh McCredie, notice to Hugh McCredie of plaintiff's claim thereto, and the delivery thereof to defendant bank by defendant Hugh McCredie, were all disclosed by the testimony. Instead of reflecting a want of equitable jurisdiction, the testimony strengthens plaintiff's complaint by amplifying the nature of the fiduciary relationship between plaintiff and defendant, W. W. McCredie, which, in the complaint, is alleged to be that of bailor and bailee, and which, the evidence shows, was also that of business associate, uncle and trusted financial advisor of plaintiff's husband.

Appellants urge that, because there was no actual physical delivery to plaintiff of the bonds in question, plaintiff has no title thereto and is not the

real party in interest. We think that, for the purposes of this case, delivery to a third person as trustee or agent of the donee is as effectual to make the gift valid as delivery to the donee personally: 28 C. J. 660, section 61, note 94, and cases there cited. Delivery of the bonds must have been made to defendant W. W. McCredie when they were purchased. Defendant W. W. McCredie testified that they were Walter's bonds (referring to plaintiff's husband), hence, in the light of Walter H. McCredie's testimony, as to the terms under which said bonds were entrusted to defendant W. W. McCredie, we are constrained to hold that the contention of appellants in that regard is not well taken.

■■ It is urged that Walter H. McCredie was a partner of defendant, W. W. McCredie, and that a suit for an accounting by Walter H. McCredie against W. W. McCredie is a necessary prerequisite to a recovery of Walter H. McCredie's portion of the assets of the partnership. This, as we understand it, is the basis of appellants' contention that there is a defect of parties plaintiff, as well as for their contention that said alleged partnership precludes recovery by plaintiff herein.

In *McDonald v. Holmes*, 22 Or. 212, 218 (29 P. 735), Mr. Justice LORD says: "One partner may sue another at law, where the cause of action * * * has been separated from it by explicit acts," etc. We find that the explicit acts of delivering the coupons from the bonds in question to Walter H. McCredie, and on at least one occasion to plaintiff, and W. W. McCredie's promise "never to touch them" so separated the sub-ject-matter of this suit from the partnership as to bring this case within the principle just quoted. This prin-

ciple is also announced in *Wilson v. Wilson,* 26 Or. 251 (38 P. 185). See also 21 A. L. R. 62, paragraph 3, for citation of authorities on this point.

■ Finally, we are confronted with the contention that the relief granted is far afield from the prayer of the complaint. We think that the very able counsel for appellants overlooked that part of plaintiff's prayer asking for general relief. This, we think, supports the decree rendered: *Taylor v. Taylor,* 69 Or. 541 (139 P. 652).

We find no error in the action of the lower court, but the prosecution of the appeal from the decree of that court having consumed more time than that which, by said decree, was accorded to defendants W. W. McCredie and Hugh McCredie within which to account to plaintiff for the income from said Department of Seine bonds of the face and actual value of $4,000, and from one United States of Brazil bond of the face and actual value of 500 pounds sterling, and to defendant W. W. McCredie within which to deliver to plaintiff the remainder of said bonds not held by Peninsula National Bank, and to account to plaintiff for the coupons on said bonds and thereby satisfy the judgment of $10,000, rendered against defendant W. W. McCredie in favor of plaintiff, as to the principal of said judgment, said decree is, therefore, hereby so modified that, in paragraph eight thereof, instead of fixing the time for such delivery and accounting by said defendant W. W. McCredie as within ten days after the entry of said decree, said time is hereby fixed and allowed as within ten days after the entry of the mandate on appeal. As thus modified, the decree of the lower court is affirmed, respondent to recover costs on appeal from appellants W. W. McCredie and Hugh McCredie.

COSHOW, C. J., RAND and BELT, JJ., concur.